UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                        Criminal No. 07-130  JMR/AJB

　　　　　　Plaintiff,

v.                                                               **REPORT AND RECOMMENDATION**

FREDERICK JOSEPH KENNEDY-HIPPCHEN,

　　　　　　Defendant.


　　　William Otteson, Esq., Tracy Braun, Esq., and James Lackner, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

　　　Robert W. Owens, Esq., for the defendant, Frederick Joseph Kennedy-Hippchen.


　　　This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 2, 2007, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415. Defendant presented motions for discovery and disclosure and suppression of evidence. The magistrate judge issued an Order on Motions dated August 3, 2007, reserving defendant's motion to suppress statements [Docket No. 34] for submission to the district court by Report and Recommendation.

　　　Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

　　　On January 5, 2006, at approximately 9:30 a.m., FBI Special Agent Paul Magnusson, along with other agents and officers, executed a search warrant (Hearing Exh. No. 1) at a location in

St. Paul, Minnesota, that is further described in the supporting affidavit as the apartment residence of defendant Frederick Joseph Kennedy-Hippchen.  The warrant was issued on the basis of probable cause to believe that the defendant had been engaged in Internet activities involving child pornography. Agents had been advised of the defendant's Internet activities by authorities in Tampa Bay, Florida, who had discovered defendant's participation in peer-to-peer file sharing of child pornography images by using Limeware software.

A search entry team consisting of Special Agent Magnusson and two other agents knocked and announced their presence.  The defendant was in the apartment and was responding to the knock and announce when the door was opened.[1]  Mr. Kennedy-Hippchen was at the door, unclothed and wet, as though having come straight from the shower.  He was surprised by the agents' presence and was immediately allowed to go the to bedroom to get dressed, though for purposes of officer safety he was accompanied to the bedroom by Special Agent Magnusson.  The three entry team officers, as well as the four-person search team that subsequently entered, wore identifying SWAT team vests, and the entry team may have had weapons drawn.  Two of the members of the search team were card examiners.  The approximately 300-square-foot apartment had a small kitchen area and separate bathroom and bedroom.  As the defendant was getting dressed in the bedroom, members of the entry team conducted a weapon sweep of the living and kitchen area.  After finishing getting dressed the defendant was taken to the living room while a weapons sweep of the bedroom was conducted.

---

[1] Special Agent Magnusson testified that defendant Kennedy-Hippchen had opened the door to allow entry.  However, he also testified that he had obtained an apartment key from the landlord and was prepared to use the key, but he could not recall whether or not the key was actually used to gain entry.

As Special Agent Magnusson and the defendant waited in the living room, the agent explained the reason for the search and advised the defendant that agents wanted to look at his computer as part of the search warrant execution. At that time the defendant suddenly lunged towards a laptop computer that was open and appeared to be connected to the Internet. Special Agent Magnusson restrained the defendant and as he was being held by his arms the defendant stated "I think I know why you're here." The statement was spontaneous and was not made in response to a question. Though defendant's movement within the apartment was restricted, Agent Magnusson told the defendant that he was not under arrest and was free to leave at any time. The agent also stated that he had some questions and would like to talk with the defendant. Mr. Kennedy-Hippchen agreed to be interviewed. He was not advised of his rights pursuant to Miranda.

Meanwhile, four additional agents entered the apartment to conduct the search pursuant to the warrant. During the search of the living room area Special Agent Magnusson, Woodbury Police Officer Arnie Baker, and the defendant returned to the bedroom to talk. The interview lasted approximately 45 minutes to an hour. The defendant remained polite and calm and did not ask that the questioning stop. The interview ended when the defendant stated that he did not want to talk about Limeware images without an attorney being present. Following the interview Mr. Kennedy-Hippchen was again taken into the living room for approximately 45 to 60 minutes while agents conducted a search of a MacIntosh computer that was on a desk in the bedroom. The apartment and computer search was completed at approximately 11:30 a.m. The defendant was not arrested or otherwise

detained following completion of the search.[2]

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

Suppression of interview statements made to officers by defendant Frederick Joseph Kennedy-Hippchen on January 5, 2006, is not required.  Interview statements were non-custodial and were voluntarily given.  Furthermore, defendant's pre-interview statement that he knew why officers were at the apartment was a voluntary and spontaneous comment and was not obtained in violation of defendant's constitutional rights.  The pre-interview statement was not the product of an unlawful investigatory detention or unlawful arrest and was not made in response to questioning by law enforcement officers.  <u>United States v. Waloke</u>, 962 F.2d 824, 829 (8th Cir. 1992).  Essentially, the defendant's comment that he knew why officers were there was not made in answer to a particular inquiry and was not responsive to questioning designed to elicit incriminating evidence, and therefore, the defendant was not subjected to interrogation under <u>Miranda</u>, even if the information turns out to be incriminating.

With respect to interview questioning the defendant contends that he was effectively in custody and that his statements should be suppressed under circumstances in which agents failed to advise him of his rights as required under <u>Miranda v. Arizona</u>, 348 U.S. 436 (1966).  Defendant

---

[2] Testimony was also presented at hearing with respect to statements made by the defendant to Secret Service Special Agent Katie Westpetal on April 13, 2007.  Defendant expressly advises the court and counsel that he is not seeking suppression of statements made at that time.  Defendant has also expressly advised the court and counsel that the search warrant in this matter is not being challenged and a motion to suppress search and seizure evidence has been withdrawn.

contends that the relevant factors to be considered in determining whether he was in custody are: (1) whether the suspect was informed that the questioning was voluntary and that he was free to leave or ask officers to leave, and that he was not under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to the interview; (4) whether strong-arm tactics or deception were used during questioning; (5) whether the atmosphere of the interview was police dominated; and (6) whether the suspect was arrested after the questioning. United States v. Griffin, 922 F.2d 1343, 1349 (1990). The factors are not exclusive and are not balanced or counted as tallies on a score sheet, and the ultimate inquiry is whether the defendant was restrained as though he were under formal arrest. United States v. Czichray, 378 F.3d. 822, 827-28 (8th Cir. 2004).

Defendant argues that he was in custody under a totality of circumstances whereby seven agents converged in his small apartment to create a police dominated environment; he did not have unrestrained freedom of movement; his being told that he was free to leave was "impotent rhetoric;" he did not initiate the contact; and the method of entry and show of force are essentially strong-arm tactics. Defendant acknowledges that he was not arrested following the interview, but asserts that this factor carries little weight in the analysis because grounds for an arrest existed.

It is the court's determination in this instance that the totality of circumstances compels the conclusion that the defendant was not the subject of custodial interrogation and Miranda warnings were not required. Strong evidence of restraint of freedom of movement is required to overcome the natural inference that questioning was non-custodial under circumstances in which Mr. Kennedy-Hippchen was questioned in the familiar surroundings of his own home, was advised that he was free to

5

leave, and was not arrested at the conclusion of the interview or the search. <u>United States v. Czichray</u>, 378 F.3d at 830. Furthermore, the court finds no grounds to conclude that the existence of certain circumstances inherent to the execution of a search warrant can properly be equated to indicia of custody. Undoubtedly the sudden appearance of numerous agents wearing FBI jackets on one's doorstep can be intimidating, but this circumstance is typical of a search warrant execution and essentially relates to nuances of police-dominated atmosphere, use of deception and strong-arm tactics, and voluntary acquiescence to an interview that simply do not outweigh objective historical facts that are indicative of the absence of a custodial situation. <u>Czichray</u>, 378 F.3d at 828. Finally, the court finds no justification for concluding that moving the defendant from room-to-room within the confines of the apartment, or physically restraining the defendant from interfering with the search process, are properly construed as indicia of custody rather that mere incidents of execution of a lawful search warrant. Suppression of statements based upon the failure to advise defendant of his <u>Miranda</u> rights is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

**RECOMMENDATION**

It is hereby recommended that defendant Frederick Joseph Kennedy-Hippchen's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 34].

Dated:   August 9, 2007

   s/ Arthur J. Boylan
Arthur J. Boylan

United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 23, 2007.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.